# UNITED STATES DISTRICT COURT
## Northern District of Texas
### Dallas Division

| | | |
|---|---|---|
| Joe Hunsinger, on behalf of himself and all others similarly situated | § § § | |
| Plaintiff, | § § | CA No.: 3:23-cv-1367 |
| v. | § § | |
| Provide Media, Inc. | § § | Class Action Complaint<br>Jury Demanded |
| Defendant. | § § § | |

### Plaintiff Joe Hunsinger's Class Action Complaint

1. **Introduction.**

    1.1. Joe Hunsinger ("**Plaintiff**") on behalf of himself and all others similarly situated, brings this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act ("**TCPA**"), a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012). Plaintiff also alleges state court cause of action.

    1.2. Plaintiff received on his cellular phone a telemarketing call from Provide Media, Inc. ("Defendant"). Defendant used a prerecorded voice.

1.3. Calling a cell phone with a prerecorded voice violates the TCPA.

## 2. Parties

2.1. Plaintiff is a resident of Dallas, Texas and lives in this District.

2.2. Defendant is a is a corporation with an address of 15 East Central Ave., Red River, New York 10965.

## 3. Venue

3.1. The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

3.2. Venue is proper because the Plaintiff is a resident of this District and Defendant has sufficient contacts in this State and District to subject it to personal jurisdiction. Defendant made calls/texts into this State.

3.3. This Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a), because it is so closely related to the federal claim that they form a single case or controversy.

## 4. Article III Standing

4.1. Plaintiff has Article III standing for his claim under the TCPA. *Cranor v. 5 Star Nutrition, L.L.C.*, 998 F.3d 686 (5th Cir. 2021); *Jamison v. Esurance Ins. Servs., Inc.*, No. 3:15-CV-2484-B, 2016 WL 320646, at *3 (N.D. Tex.

Jan. 27, 2016); *Holderread v. Ford Motor Credit Co., LLC*, No. 4:16-cv-222-ALM, 2016 WL 6248707, at *3 (E.D. Tex. Oct. 26, 2016).

4.2. Plaintiff was harmed by Defendant's actions of calling his cellular phone without consent in the following manners:

4.2.1. Plaintiff's privacy was invaded by Defendant;

4.2.2. Plaintiff was harassed and abused by Defendant's call;

4.2.3. Defendant's call were a nuisance to Plaintiff; and

4.2.4. Plaintiff was inconvenienced by Defendant's call, by among other things, having to answer the call.

5. **The Law Regarding Robocalls**

5.1. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

5.2. The TCPA makes it unlawful to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service or that is charged per the call. *See* 47 U.S.C. § 227(b)(1)(A)(iii).

5.3. The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A) or 47 U.S.C. § 227(b)(1)(B). *See* 47 U.S.C. § 227(b)(3).

5.4. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

5.5. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 27 F.C.C. Rcd. 1830, 1844 (2012).

6. **The National Do Not Call Registry**

   6.1. The national Do Not Call Registry (the "Registry") allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. See 47 C.F.R. § 64.1200(c)(2). A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

   6.2. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential and wireless telephone subscribers to the Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

   6.3. The regulations exempt from liability a caller who has obtained the subscriber's signed, written agreement to receive telephone solicitations from the caller. 47 C.F.R. § 64.1200(c)(2)(ii). That agreement must also include the telephone number to which the calls may be placed. *Id.*

   6.4. The Federal Communications Commission found that it "must mandate procedures for establishing company-specific do-not-call lists to ensure effective compliance with and enforcement of the requirements for protecting consumer privacy." *Id.* at ¶ 24.

   6.5. These regulations are codified at 47 CFR 64.1200(d)(1)-(7).

   6.6. Specifically, these regulations require a company to keep a written policy,

available upon demand, for maintaining a do-not-call list, train personnel engaged in telemarketing on the existence and use of its internal do-not-call list, and record and honor "do not call" requests for no less than five years from the time the request is made. 47 CFR § 64.1200(d) (1, 2, 3, 6).

6.7. Additionally, these regulations require a company to provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. 47 CFR 64.1200(d)(4) (emphasis added).

6.8. These policies and procedures prohibit a company from making calls for telemarketing purposes unless they provide the required information. 47 CFR 64.1200(d).

6.9. Accordingly, all telemarketing calls violate the TCPA, unless Defendant can demonstrate that it has provided the required information on each of the calls.

6.10.   There is a private right of action to enforce 47 C.F.R. § 64.1200(d) through § 227(c):

> [S]ection 227(c)(5)… empowers 'any person' to sue for damages and injunctive relief for do-not-call violations 'by or on behalf of' a company. In accordance with this statutory provision, the Commission's company-specific do-not-call rules provide that '[n]o person or entity shall

> initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity[.]' 47 C.F.R. § 64.1200(d).

*In re Dish Network*, 28 FCC. Rcd. 6574, ¶ 29 (2013).

6.11. These requirements are separate but cumulative. In other words, a company must comply with both the procedures for the company specific do-not-call list *and* the procedures for complying with the national "do not call" database regulations. A failure to comply with either is distinct a violation of 47 U.S.C. § 227(c).

6.12. Although some of these requirements mention "residential" telephones, they were all extended to cover calls to cellular telephones as well as residential telephones. 47 CFR § 64.1200(e).

7. **Factual Allegations**

7.1. Plaintiff is the owner of and user of the residential cellular telephone number 214-XXX-2367. The calls referenced in this lawsuit was made to Plaintiff's residential telephone number 214-XXX-2367. 214-XXX-2367 is a cellular number/network.

7.2. Plaintiff uses the telephone number 214-XXX-2367 for residential purposes. It is not a business number.

7.3. Plaintiff registered the telephone number 214-XXX-2367 on the National

Do Not Call Registry on January 30, 2010 and it has remained on the Registry since then.

7.4. On July 20, 2022, at 8:16 AM Defendant called Plaintiff using a prerecorded voice.

7.5. The call was regarding enrolling Plaintiff in educational opportunities and selling educational opportunities to Plaintiff.

7.6. Plaintiff was located in Texas when he received the call from Defendant.

7.7. Plaintiff was not a customer of Defendant and had not given Defendant his permission to call him.

7.8. The call was for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services. Specifically, Defendant was seeking to sell Plaintiff educational opportunities.

7.9. The call was placed without the Plaintiff's prior express written consent and were willful violations of the respective laws.

7.10.    The call was placed to a telephone number that Plaintiff had listed on the National Do Not Call Registry for more than 31 days prior to the texts.

7.11. Plaintiff's telephone number was on the National Do Not Call Registry at the time he received the call.

8. **Class Action Allegations**

8.1. As authorized by Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action individually and on behalf of a class of all other persons or entities similarly situated throughout the United States.

8.2. The "TCPA 227(b) Class." The class of persons Plaintiff proposes to represent with respect to Count One is tentatively defined as since four years before the date of the filing of this Complaint through the date of certification, Plaintiff and all persons within the United States to whose telephone number Defendant placed (or had placed on its behalf) a prerecorded or artificial voice telemarketing call.

8.3. The "Texas Class." The class of persons Plaintiff proposes to represent with respect to Count Two is tentatively defined as all persons in the state of Texas to whom after January 9, 2019 Defendant made a call in violation of 47 U.S.C. § 227 or a regulation adopted under that provision.

8.4. The classes as defined above are identifiable through phone records and phone number databases.

8.5. Plaintiff does not know the exact number of members in the proposed classes, but reasonably believes based on the scale of Defendant's business, and the number of texts that he received, that the classes are so numerous

Page | 9

that individual joinder would be impracticable. On information and belief, the potential class members number at least in the hundreds or thousands.

8.6. Plaintiff and all members of the proposed classes have been harmed by the acts of Defendant in the form of multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing texts, and violations of their statutory rights.

8.7. Plaintiff is a member of the classes.

8.8. There are questions of law and fact common to Plaintiff and to the proposed classes, including but not limited to the following:

8.8.1. Whether Defendant violated the TCPA by engaging in advertising by unsolicited telemarketing calls;

8.8.2. Whether Defendant made telemarketing calls using a prerecorded voice.

8.8.3. Whether Defendant or their agents, within the four years before the filing of the initial Complaint, made one or more than one telemarketing text within any twelve-month period to individuals whose telephone number had been registered on the Do Not Call Registry for more than 31 days after being told to stop texting them.

    8.8.4. Whether the Plaintiff and the class members are entitled to statutory damages as a result of Defendant's actions.

8.9. Plaintiff's claims are typical of the claims of class members.

8.10. Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the class, he will fairly and adequately protect the interests of the class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

8.11. The actions of Defendant are generally applicable to the class as a whole and to Plaintiff.

8.12. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendants and/or their agents.

8.13. The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

8.14.    Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

9. **FIRST CAUSE OF ACTION - Violations of the TCPA, 47 U.S.C. § 227(b) (On Behalf of Plaintiffs and the TCPA 227(b) Class)**

   9.1. Plaintiff and the proposed TCPA 227(b) Class incorporate the foregoing allegations as if fully set forth herein.

   9.2. Defendants placed, or had placed on their behalf, prerecorded telemarketing telephone calls to Plaintiff's and TCPA 227(b) Class Members' cellular telephone numbers without prior express written consent.

   9.3. Defendants have therefore violated 47 U.S.C. § 227(b).

   9.4. As a result of Defendants' unlawful conduct, Plaintiff and TCPA 227(b) Class Members are entitled to an award of $500 in statutory damages for each call, pursuant to 47 U.S.C. § 227(b)(3)(B).

   9.5. Plaintiff and the TCPA 227(b) Class Members are entitled to an award of treble damages in an amount up to $1,500 for each call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(b)(3).

10. **Count Two: Violation of Tex. Bus. & Com. Code, Chapter 305 ("TBCC") on behalf of Plaintiff and the Texas Class.**

10.1. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

10.2. Plaintiff is a "person" as defined by Texas Business & Commerce Code § 1-201(b)(27).

10.3. Defendant is a "person" as defined by Texas Business & Commerce Code § 1-201(b)(27).

10.4. Pursuant to Section 305-053(a) of the Texas Business & Commerce Code, a person who receives a communication that violates 47 U.S.C. § 227, or a regulation adopted under that provision, may bring an action against the person who originates the communication for an injunction, damages or both an injunction and damages.

10.5. As set forth above Defendant violated 47 U.S.C. § 227, or a regulation adopted under that provision.

    10.5.1. Defendant called Plaintiff with a prerecorded voice and did not include in the text a "telephone number or address at which the person or entity may be contacted." 47 CFR 64.1200(d)(4) (emphasis added).

10.6. Plaintiff is entitled to a permanent injunction to prevent any further violations of the Texas Business & Commerce Code, Chapter 305.

10.7. Pursuant to Section 305-053(b) of the Texas Business & Commerce Code, Plaintiff is entitled to the greater of $500.00 for each violation or Plaintiff's actual damages for each call negligently made by Defendants.

10.8. Pursuant to Section 305-053(c) of the Texas Business & Commerce Code, Plaintiff is entitled to not more than the greater of $1,500.00 for each violation or three times Plaintiff's actual damages for each violation by Defendant that the Court finds was made knowingly or intentionally.

10.9. Relief Sought: For himself and all class members, Plaintiff requests the following relief:

10.9.1. That Defendant be restrained from engaging in future telemarketing in violation of the TBCC.

10.9.2. That Defendant, and its agents, or anyone acting on its behalf, be immediately restrained from altering, deleting or destroying any documents or records that could be used to identify class members.

10.9.3. That the Court certify the claims of the named plaintiff and all other persons similarly situated as class action claims under Rule 23 of the Federal Rules of Civil Procedure and Plaintiff's counsel be named as counsel for the classes.

10.9.4. That the Plaintiff and all class members be awarded statutory damages of $500 for each violation, with triple damages for any willful or knowing violation, as provided by the law.

10.9.5. That the Plaintiff recover his attorneys' fees and costs.

10.9.6. That the Plaintiff and all class members be granted other relief as is just and equitable under the circumstances

**11. Plaintiff requests a jury trial as to all claims of the complaint so triable.**

Respectfully submitted:

By:   */s/ Chris R. Miltenberger*
       Chris R. Miltenberger
       Texas State Bar Number 14171200

**Designated as Lead Attorney**

**The Law Office of Chris R. Miltenberger, PLLC**

1360 N. White Chapel, Suite 200
Southlake, Texas 76092
817-416-5060 (office)
817-416-5062 (fax)

**Attorneys for Plaintiff**